## WARD *v.* THE STATE.

SUPREME COURT.—*Evidence.*—*Instructions to Jury.*—Where, on appeal to the Supreme Court in a criminal action, it does not appear by bill of exceptions that all the evidence is in the record, the question as to whether the verdict is contrary to the evidence cannot be considered; and the judgment cannot be reversed on instructions given to the jury which might have been right under evidence that might have been legally and properly given on the trial.

From the Decatur Circuit Court.

*J. S. Scobey* and *B. W. Wilson,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PETTIT, J.—The appellant was indicted for an assault and battery with intent to murder one Callicut. Trial, conviction, fine of fifty dollars, and imprisonment for thirty days. Motion for a new trial overruled, and judgment on the verdict.

The only error assigned is the overruling of the motion for a new trial, the reasons for which were these:

1. The finding of the jury is contrary to the evidence and not supported by sufficient evidence.

2. The finding of the jury is contrary to the law and contrary to the charge given by the court to the jury.

3. The court erred in giving a certain charge to the jury, which is set out; but no exception was taken to it, hence we cannot consider it.

4. The court erred in giving to the jury the following instruction:

"If the jury believe from the evidence that defendant and prosecuting witness, without any particular premeditation, or intention of fighting on the night in question, commenced quarrelling, passed the lie from one to the other, and that Callicut struck the first blow, defendant had the right to protect himself by any proper means; but the use of a sharp knife, striking a blow with it at a vital part of the body of prosecuting witness, and by which he inflicted a dangerous wound upon him, is not that measure or manner of self-defence which the law allows, and the defendant by the use of such weapon, in such manner, would become the aggressor; and the jury may find him guilty of a simple assault and battery, and affix the utmost penalty of the statute for such offences against him, which is a fine of not more than one thousand dollars, to which they may add imprisonment in the county jail for not more than six months, or a penalty as much less than this as they may deem proper. See statute, page four hundred and fifty-nine, section seven."

This instruction was excepted to.

5. The court erred in giving the following instruction to the jury, which was excepted to:

"If you find the want of premeditated or unpremeditated malice, but that defendant, by the use of an unlawful weapon, became himself the aggressor, your verdict will be, 'We, the jury, find the defendant guilty of an assault and battery, and assess his fine at —— dollars' (not more than one thousand dollars), to which you may add imprisonment in the county jail for any determinate period of not more than six months."

6. The court erred in charging the jury as follows, which was excepted to, as is shown by the bill of exceptions:

"The prosecution has introduced threats made by defendant against Callicut before the encounter described in the indictment, and the defendant has introduced evidence of fear and a disposition to avoid a meeting with Callicut. These matters tend to prove or disprove malice, and go to the question of intent, and can only be considered in determining the question of murder, the higher grade of the offence. Upon the question as to whether defendant committed a simple assault and battery, the subject of malice does not form an essential element. You will first determine whether he is guilty of the higher offence. If you come to the conclusion that he is not guilty of an assault and battery with the intent to commit murder, you will next consider whether the evidence will justify you in finding him guilty of a simple assault and battery. If, from this evidence, you shall find defendant guilty of the higher grade of the offence, and also that he was under twenty-one years of age at the time of the commission of the offence, in lieu of imprisonment in the penitentiary, the statute provides that you may substitute imprisonment in the county jail for any determinate period. (Page four hundred and fifty-four.) If the jury believe from the evidence that this affray originated from a sudden heat, begotten at the time, and without premeditation, the necessary ingredient to con-

stitute the higher offence, *malice*, is wanting, but yet defendant may be guilty of a simple assault and battery."

The bill of exceptions does not show that all of the evidence is before us in the record, by words, nor are there any equivalent words from which we can draw the conclusion that it is. We cannot, therefore, consider any question as to the evidence; nor can we reverse the judgment on the instructions, if they may have been right under a state of the evidence that might have been legally and properly given in the case. Without eliminating, recopying or commenting on the instructions given and excepted to, we think a state of evidence might have legally existed that justified giving them.

The judgment is affirmed, at the costs of the appellant.